IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 2:09-cr-407-KJM |
| vs. | |
| MARIA DEL ROCIO ARCEO-RANGEL, et al., | ORDER DENYING DEFENDANTS' MOTION FOR GPS TRACKING DEVICE WARRANT INFORMATION |
| Defendants. | |

This matter was before the court on December 13, 2012, for hearing on defendant Pedro Gutierrez-Valencia's discovery motion. Assistant United States Attorney Samuel Wong appeared on behalf of plaintiff United States of America. James Greiner, Esq., appeared with defendant Pedro Gutierrez-Valencia.

Mr. Greiner represented that, at the request of defense attorney Kirk McAllister, Esq., he was appearing specially for Mr. McAllister's client, defendant Jorge Heriberto Andrade-Torres. Dina Santos, Esq., appeared for defendant Isidro Gutierrez-Valencia; Hayes Gable, Esq., appeared for defendant Erica Beatriz Martinez-Rangel; and John Manning, Esq., appeared for defendant Cruz Manzo-Gonzalez. All of these defense counsel appearing at the hearing joined in the discovery motion at the hearing and advised that their clients either have or will have appropriate waivers of appearance filed. All counsel present at the hearing were given an

1

opportunity to be heard.  No other defense counsel appeared at the hearing, although Mr. Greiner said that he was making a special appearance for any other defense counsel not appearing at the hearing.

Defendants' discovery motion, pursuant to Fed. R. Crim. P. 16 and *Brady v. Maryland*, 373 U.S. 83 (1983), seeks an order compelling the United States to provide discovery of three classes of information pertaining to the use and non-use of Global Positioning System ("GPS") tracking devices in unrelated cases, to wit:

1. the case numbers of all non-sealed search warrants sought by the United States to attach any type of tracking device during the time period between the issuance of United *States v. McIver*, 186 F.3d 1119 (9th Cir. 1999) on August 6, 1999, and United States v. Jones, 132 S.Ct. 945 (2012) issued on January 23, 2012 ("between McIver and Jones");

2. the case numbers of all non-sealed cases where any type of tracking device was used regardless of whether a search warrant was sought between *McIver* and *Jones*; and

3. all memoranda and writings from the investigating agencies involved in the instant case, namely, the Department of Justice; United States Department of Interior, Bureau of Land Management; United States Department of the Interior, Bureau of Land Management, Office of Law Enforcement and Security Special Agent in Charge California, the California Department of Justice, or the United States Attorney's Office for the Eastern District of California regarding applying for search warrants when using any type of tracking device in a criminal investigations between *McIver and Jones*.

Defendants seek this information in an attempt to establish that the investigating agents, who employed tracking devices on certain vehicles used to facilitate the crimes charged in this case, did not objectively reasonably rely on binding Ninth Circuit precedent in *McIver* in their warrantless use of the tracking devices.  To this end, defendants maintain that if they can demonstrate that the United States obtained tracking device warrants in other unrelated cases, then the warrantless use of tracking devices in this case cannot objectively be in good faith, and

the United States cannot benefit from the good faith exception to the exclusionary rule.

After careful consideration of the moving and opposing papers and the oral argument of counsel, and for the reasons stated on the record and set forth below, the motion must be denied. In light of the Ninth Circuit's ruling in *United States v. Pineda-Moreno*, 688 F.3d 1087, 1090 (9th Cir. 2012), which held suppression of tracker device evidence is not warranted where the investigating agents acted in compliance with then-existing binding precedent in attaching and monitoring the device on a vehicle in public areas, defendants have not met their burden of establishing that the discovery requests here are material to their respective defenses within the meaning of Fed. R. Crim. P. 16 and/or *Brady v. Maryland*. In particular, the Supreme Court expressly held in *United States v. Armstrong*, 517 U.S. 456, 463 (1996), that a defendant's Rule 16 right to discovery only extends to obtaining information in the prosecution's possession that is material to the preparation of their defense against the prosecution's *case in chief*, and not a defense based on a pretrial motion, such as a motion to dismiss the indictment based on alleged selective prosecution. While at least one court has held that this part of the analysis in *Armstrong* is dicta and not controlling, *United States v. Feil*, 2010 WL 3834978 (N.D. Cal.), this court cannot agree. The Supreme Court expressly stated that "[w]e hold that Rule 16(a)(1)(C) authorizes defendants to examine Government documents material to the preparation of their defenses against the Government's case in chief, but not to the preparation of selective-prosecution claims." In light of the Supreme Court's characterization of that conclusion as a holding, the undersigned cannot simply dismiss it as non-controlling dicta.[1]

////

////

////

---

[1] Indeed, the Court states in its later analysis in *Armstrong* that the subsequent discussion is premised on an assumption that the discovery was available in the first place, which it previously held it was not.

3

1 | Based on this finding, the Court hereby ORDERS that defendants' discovery motion is
2 | hereby DENIED in its entirety.

3 | DATED: December 20, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4